# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY FLINT,

Plaintiff-Appellant,

v

JOY SWEETIN,

Defendant-Appellee.

UNPUBLISHED
March 27, 2018

No. 340043
Genesee Circuit Court
LC No. 17-321598-DC

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

JANSEN, J. (*dissenting*)

Because I would not have granted defendant sole legal custody of the minor child, I dissent.

The trial court almost exclusively relied on the "education component" in awarding defendant sole legal custody. Specifically, the trial court found that up until its ruling, the parties had been unable to agree on where the minor child would attend school. Although disagreement on education is a factor properly considered by the trial court when awarding legal custody, in my view, the trial court adequately addressed the educational issue by awarding defendant physical custody of the minor child during the school year, and granting plaintiff parenting time. Accordingly, the educational issue was resolved.

The only other factor cited by the trial court when awarding defendant sole legal custody was that parenting time exchanges were to take place at a police station. However, I do not believe that requiring parenting time exchanges take place at a police station justifies plaintiff losing the ability to have a say in legal or medical decisions regarding the minor child. This is particularly true where plaintiff consistently played an active role in the minor child's life, and an established custodial environment existed with plaintiff. Further, with respect to the best interest factors, absent the educational issues, the trial court found the parties were virtually equal.

Based on the foregoing, I would vacate the portion of the trial court's order granting defendant sole legal custody.

/s/ Kathleen Jansen

-1-